UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 15- 579 EMC -11 |
| Plaintiff, | [PROPOSED] |
| v. | **DETENTION ORDER** |
| CRISTINO VARGAS MONDRAGON, | |
| Defendant. | |

## I. BACKGROUND

Defendant Cristino Vargas Mondragon is charged in an indictment with violations of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute heroin and methamphetamine) and 21 U.S.C. § 841 (possession with intent to distribute 1 kilogram or more of heroin and 50 grams or more of methamphetamine). The government moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pre-Trial Services prepared a preliminary bail study. On December 17, 2015, the parties appeared before the Court. Defendant was present, represented by Michael Ian Gary. Assistant United States Attorney Frank Riebli appeared for the government. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142(f), requires that the government prove by a preponderance of the evidence that there are no conditions that reasonably will assure the Defendant's appearance as required, and that the government prove by clear and convincing evidence that there are no conditions which reasonably will assure the safety of the community. In cases such as this, where there is probable cause to believe that the Defendant committed a violation of the Controlled Substances Act and faces a maximum of 10 years or more in prison, there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the Defendant's appearance as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). The presumption of detention shifts the

1  burden of production to the defendant; the ultimate burden of persuasion remains with the government.
2  See United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008).  The presumption retains evidentiary
3  weight, id., and the defendant must show "some credible evidence" to rebut it, United States v. Chen,
4  820 F. Supp. 1205, 1207 (N.D. Cal. 1992).  Close cases should result in release: "[t]o give effect to the
5  principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is
6  to rule against detention in close cases." Chen, 820 F. Supp. at 1208 (citing United States v. Motamedi,
7  767 F.2d 1403, 1405-06 (9th Cir. 1985)).

8  In evaluating whether pretrial release is appropriate, the Court considers (1) the nature and
9  circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the
10 person (including his character, physical and mental condition, family ties, employment, financial
11 resources, length of residence in the community, community ties, past conduct, history relating to drug
12 and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the
13 nature and seriousness of the danger to any person or the community posed by the person's release.  18
14 U.S.C. § 3142(g); Motamedi, 767 F.2d at 1407.  Bail hearings generally proceed by proffer, and the
15 rules of evidence do not apply. 18 U.S.C. § 3142(f).

16 In this case, the complaint alleged that the Defendant both ran a heroin and methamphetamine
17 distribution business and supplied other dealers in and around Santa Rosa, California.  The complaint
18 further alleged that the Defendant had a courier – one of the co-defendants in this case – who delivered
19 the drugs for him.  In addition, the complaint alleged that on August 12, 2015, police seized 18.82
20 kilograms of black tar heroin, 1.97 kilograms of white powder heroin and 9.77 kilograms of 99.1% pure
21 methamphetamine from the Defendant's house, and that in post-arrest statements, the Defendant
22 admitted knowing that the drugs were there.  After conducting a preliminary analysis, Pre-Trial Services
23 recommended detention.  The Defendant submitted the issue to the Court based on the Pre-Trial
24 Services report.  The government reaffirmed its request that he be detained based on both the risk of
25 flight and safety of the community.

26 ### III. CONCLUSION

27 In light of the Defendant's history, the nature and circumstance of the instant offense and the
28 weight of the evidence, the Court finds that the Defendant has not rebutted the presumption that he

presents a danger to the community and/or poses a risk of non-appearance, and that there are no conditions or combinations of conditions which reasonably would assure the Defendant's appearance of the safety of the community if the Court released the Defendant. These findings are without prejudice to the Defendant's seeking release if he presents new or different information to the Court. For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court or the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 22, 2015

_____
HON. SALLIE KIM
United States Magistrate Judge